```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x       NOT FOR PRINT OR
                                                                  ELECTRONIC PUBLICATION
ALPHONSE WILLIAMS,

                    Plaintiff,                                    09-CV-3040 (ARR)

         -against-                                                AMENDED
                                                                  MEMORANDUM
Kristal Cadillac; President/Owner Kristal                         AND ORDER
Cadillac LILAAHAR (SAMMY) BICAL,
Financial Manager, WRENROY SMITH; Sale
Consultant, WILLIAM (BILL) HAIRSTON;
GMAC Financial Institution,

                    Defendants.
----------------------------------------------------------x
ROSS, United States District Judge:
```

On July 1, 2009, plaintiff Alphonse Williams, appearing *pro se*, filed this action against defendants alleging that defendants engaged in unfair business practices in connection with a contract to purchase a vehicle on May 1, 2005. Plaintiff paid the statutory filing fee to commence this action. The complaint is dismissed for lack of subject matter jurisdiction as set forth below.

## Procedural History

By order dated July 23, 2009, the court denied plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and directed plaintiff to pay the $350 filing fee in order to proceed with this action. The court also warned plaintiff that the complaint failed to plead facts to support this court's subject matter jurisdiction. By order dated October 1, 2009, the court dismissed the action without prejudice for failure to pay the filing fee. However, unbeknownst to the court, plaintiff had paid the filing fee on September 16, 2009. By order dated October 15, 2009, the court granted plaintiff's motion to reopen the case and vacated the order dismissing the complaint.

## Background

Plaintiff's alleges that "[t]he reason I, the plaintiff (Alphonse Williams) am filing a suit against the defendant (Kristal Cadillac) and Co-defendant (GMAC), they are forcing me to pay for a car that I don't own." Compl. at 1.[1] Plaintiff alleges that he entered into a contract with Kristal Cadillac to trade in his White 2000 Deville Cadillac for a Blue 2005 CTS Cadillac and that "Kristal Cadillac should have paid the balance of the loan off and sold the car for whatever profit they could have made." Id. at 2. Plaintiff further argues that Kristal Cadillac did not deduct the trade-in price of $9,800 for his White 2000 Deville Cadillac and a rebate offer of $4,500 for the Blue 2005 CTS Cadillac. Id. Plaintiff alleges that defendants have engaged in unfair business practices with respect to the aforementioned transaction and seeks the court's intervention.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Regardless of whether a plaintiff has paid the filing fee or not, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous, see Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the court lacks subject matter jurisdiction over the action. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006); Fed. R. Civ. P. 12(h)(3).

## Discussion

Plaintiff does not provide a basis for the court's jurisdiction over this matter. While the state

---

[1] The court has paginated the complaint for ease of reference.

courts are courts of general jurisdiction, the subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes federal question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1331. A plaintiff properly invokes diversity jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. 28 U.S.C. § 1332.

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Moreover, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); see also Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

Here, plaintiff does not present facts to suggest either diversity or federal question jurisdiction. There is no diversity jurisdiction since the parties are not completely diverse (e.g., plaintiff and at least one defendant is domiciled in New York) and the amount in controversy, to the extent one can be inferred from plaintiff's facts, does not exceed $75,000. 28 U.S.C. § 1332. There is no federal question jurisdiction since plaintiff has not alleged a violation of either federal law or of the United States Constitution. 28 U.S.C. § 1331. Instead, plaintiff alleges that defendants engaged in unfair business practices. Liberally construing plaintiff's complaint, it suggests a claim arising under state law. See N.Y. Gen. Bus. L. § 349; Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995) (discussing elements of unfair business practices claim under N.Y. Gen. Bus. L § 349).

## **Conclusion**

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). To the extent plaintiff raises any state law claims, such claims are dismissed without prejudice, and plaintiff is advised to pursue such a claim in state court. Although plaintiff has paid the filing fee to initiate this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/.
_____
Allyne R. Ross
United States District Judge

Dated: November 16, 2009
Brooklyn, New York